UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| DAVID HOSEA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 17-233-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| GARY GREEN, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is pending for review of Defendants Strategic Franchising Systems, Inc.'s ("SFSI") and Gary Green's motions to dismiss due to the plaintiff's alleged misconduct, for judgment on the pleadings, and to consolidate with another civil action. [Record Nos. 8, 9, 15] For the reasons outlined below, the motions to dismiss and for judgment on the pleadings will be denied. The motion to consolidate will be granted.

## I.

This matter involves the sale of the Carnegie Event Center (the "Center") located in Newport, Kentucky. Mardav LLC ("Mardav") was the seller of the Center. SFSI was the buyer. [Record No. 5, ¶¶ 7, 11] David Hosea is a member of Mardav, and Gary Green is the Chief Executive Officer of SFSI. [*Id.* ¶¶ 3, 6]

In Covington Civil Action No. 2: 17-146, styled *Strategic Financing Systems, Inc. v. Ryan*, SFSI alleges that it expressed concerns about the integrity of the plumbing at the Center. After some negotiation, the parties agreed to an addendum to the real estate contract requiring Mardav to make certain plumbing repairs. [*See* 2: 17-cv-146, Record No. 1. ¶¶ 10, 13-15.]

James Ryan, the real estate agent involved in the transaction, assumed the duty to coordinate and oversee the repairs. [*Id.* ¶ 11] He assured SFSI that he had personally observed the repair work, and that it had addressed all of SFSI's concerns. [*Id.* ¶¶ 11-12] SFSI states that it relied on Ryan's representations and those contained in the contract addendum when it closed on the sale of the property. [*Id.* ¶ 16] However, it now asserts that Ryan's representations were not true and the plumbing work was not adequately performed. [*Id.* ¶¶ 17-18] As a result, SFSI alleges that Mardav breached the parties' contract, and that Ryan is liable for fraud. [*Id.* ¶¶ 19-29]

Mardav filed a counter-claim against SFSI alleging that, through its principal Gary Green, SFSI promised that it would return certain collectible items to Mardav within a reasonable period of time following the closing. [2: 17-cv-146, Record No. 10, ¶ 2] The counter-claim alleged that the collectibles—including approximately 40 original pieces of artwork and 20 rare and valuable artifacts—belonged to Mardav and were loaned to SFSI for a few weeks to be used in photographs for new promotional materials. [*Id.* ¶¶ 3-4] But rather than returning the items as Mardav anticipated, SFSI retained and then sold or donated them to the City of Newport. [*Id.* ¶¶ 5-6] As a result, Mardav's counter-claim alleged that SFSI is liable for conversion and fraud. [*Id.* ¶¶ 7-20]

SFSI moved to dismiss the counter-claim, arguing that Mardav's claim was contrary to the express language in the contract and that its reliance on an oral promise that the collectibles would be returned was barred by the parol evidence rule. [2: 17-cv-146, Record No. 14, pp. 3-5] Additionally, SFSI argued that Mardav's fraud claim failed as a matter of law because it was predicated on a future promise to return the collectibles. [*Id.* at 5-6] After briefing on the counter-claim, Mardav filed a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) of the

Federal Rules of Civil Procedure. SFSI's motion to dismiss the counter-claim was then denied as moot. [2: 17-cv-146, Record Nos. 18, 19]

Shortly thereafter, Hosea filed the Complaint in this civil action, which makes allegations similar to those previously contained in Mardav's counter-claim. [Record No. 5] He contends that he allowed Mardav to use certain collectibles belonging to him to furnish the Carnegie Event Center—including approximately 40 original pieces of artwork and rare and valuable artifacts—and that Gary Green and SFSI understood that the collectibles were personal and important to him and would not be included in Mardav's sale of the property. [*Id.* ¶¶ 8-12] Hosea states that he allowed Green and SFSI to retain the collectibles for a few weeks after the sale so that they could be used in photographs for new promotional materials, but expected that they would be returned soon thereafter. [*Id.* ¶¶ 13-14] However, rather than returning the collectibles to Hosea, Green and SFSI disposed of the collectibles to the City of Newport, without his permission. [*Id.* ¶ 15] As a result, Hosea alleges that Green and SFSI are liable for conversion and fraud. [*Id.* ¶¶ 16-29]

Green and SFSI have filed three motions in response to Hosea's Complaint. First, they contend that the Complaint should be dismissed as a sanction for a fraud on the Court committed by Hosea and his attorney, Jeffrey McSherry. [Record No. 9] They state that, in its counter-claim, Mardav (represented by McSherry), stated that Mardav owned the collectibles. [*See* 2: 17-cv-146, Record No. 10, ¶ 2.] Now, however, Hosea (also represented by McSherry) asserts that the collectibles in fact belong to him. [*See* Record No. 5, ¶ 8.] Green and SFSI observe that "both statements cannot be true," and conclude that either Mardav's counter-claim or Hosea's Complaint—both filed by McSherry—made a false representation

of fact, constituting a fraud upon the Court, and warranting dismissal of Hosea's Complaint. [Record No. 9, p. 5]

Green and SFSI have moved for judgment on the pleadings on similar grounds to those raised in SFSI's earlier motion to dismiss Mardav's counter-claim. [Record No. 9] They argue that Hosea's claims are contrary to the express language in the parties' contract, that his reliance on an oral promise to return the collectibles is barred by the parol evidence rule, and that his fraud claim fails as a matter of law because it is predicated on an alleged promise to return the collectibles in the future. [*Id.* at 3-8] Finally, Green and SFSI have moved to consolidate this action with Covington Civil Action No. 2: 17-146, *Strategic Franchising Systems, Inc. v. James P. Ryan, et al.* [Record No. 8]

## II.

### A. Motion to Dismiss for Alleged Fraud on the Court

Green and SFSI's motion to dismiss the Complaint as a sanction for committing a fraud on the Court is based on the different allegations of ownership regarding the collectibles, which have been made in this case and in *Strategic Franchising Systems, Inc. v. James P. Ryan, et al*. The term "fraud upon the court" embraces "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Okros v. Angelo Iafrate Construction Co.*, 298 F. App'x. 419, 429 (6th Cir. 2008) (quoting *Buell v. Anderson*, 48 F. App'x. 491, 499 (6th Cir. 2002)). "It generally involves a deliberately planned and carefully executed scheme designed to subvert the integrity of the judicial process." *Id.*

Five elements must be satisfied to constitute a fraud on the Court:

> Conduct: (1) On the part of an officer of the court; (2) That is directed to the 'judicial machinery' itself; (3) That is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth; (4) That is a positive averment or is concealment when one is under a duty to disclose; (5) That deceives the court.

*Id.* (quoting *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993)) (alterations adopted). Here, the purported fraud, as alleged by the defendants, is the inconsistent pleading of ownership in the collectibles by Mardav and Hosea. However, the inconsistency does not rise to the level of a "deliberately planned and carefully executed scheme deigned to subvert the integrity of the judicial process." *Id*. As noted in the defendants' briefs, when courts have dismissed claims as a sanction for fraud upon the court, it occurred after the court was deceived and the fraudulent conduct came to light. *See* Record Nos. 9, p. 5; 14, p. 1-2.

The defendants have not shown that the Hosea's conduct was intentionally false, willfully blind to the truth, or is in reckless disregard for the truth. Further, as no judgment has been entered in favor of Hosea, the allegedly fraudulent conduct has not deceived the court. While the defendants may disagree with his ownership as alleged, that disagreement does not amount to uncovering a fraud upon the Court. Discovery will unearth the facts surrounding the ownership of the collectibles, and the parties will proceed accordingly.

**B.     Judgment on the Pleadings**

The same standard of review applies to motions for judgment on the pleadings under Rule 12(c) and motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011); *Horen v. Bd. of Educ. of Toledo City School Dist.*, 594 F. Supp. 2d 833, 841 (N.D. Ohio 2009). Thus, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Although the subject complaint need not contain "detailed factual allegations" to survive a motion to dismiss, the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Further, while the Court is required to accept all of the plaintiff's factual allegations as true, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In general, where "matters outside the pleadings are presented to and not excluded by the court, the motion will be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, a court may consider "exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims therein without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) (quotation marks and citation omitted).

Turning to the Amended Complaint, Hosea alleges that he allowed the defendants to use his personal property (the collectibles), so they could be used in photographs which the defendants allegedly intended to use in the production of new promotional materials. *See* Record No. 5, ¶ 13. After the photos were taken, he alleges that the defendants failed to return to him the collectibles. *Id*. at ¶ 15. Instead, he alleges they disposed of the items to the City of Newport without his permission. *Id*.

The Amended Complaint involves two claims: conversion and fraud. The defendants argue that these claims fail as a matter of law because the parol evidence rule prohibits allegations that contradict the express written language of the contract. In Kentucky, "'[w]here the parties put their engagement in writing all prior negotiations and agreements are merged in the instrument, and each is bound by its terms unless his signature is obtained by fraud or the contract be reformed on the ground of fraud or mutual mistake, or the contract is illegal.'" *Childers & Venters, Inc. v. Sowards*, 460 S.W.2d 343, 345 (Ky. 1970) (quoting *Hopkinsville Motor Co. v. Massie*, 228 Ky. 569 (1920)). Here, Mardav and SFSI were the only parties to the contract. *See* Record Nos. 5, ¶ 11; 7 (Answer), ¶ 1; 7 (Counterclaim), ¶ 7-11; 7-1, p. 4; 7-2, pp. 1, 3-5. Thus, based on the allegations in the Amended Complaint, it does not appear that the parol evidence rule prohibits Hosea's allegations that he collectibles belonged to him and his claims the defendants are liable for conversion and fraud.

The defendants also contend that Hosea's fraud claim fails as a matter of law. They argue that an alleged promise to do something in the future cannot constitute fraud. A party claiming harm resulting from fraud in the inducement must establish six elements: (i) a material representation; (ii) which is false; (iii) known to be false or made recklessly; (iv) made with inducement to be acted upon; (v) acted in reliance thereon; and (iv) which causes injury. *See United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999). In addition, "a misrepresentation to support an allegation of fraud must be made concerning a present or pre-existing fact, and not in respect to a promise to perform in the future." *Filbeck v. Coomer,* 298 Ky. 167, 182 S.W.2d 641, 643 (1944). However, fraud in the inducement may occur when representations are made regarding future intentions when, at the time of the representations, the party making them had no intention of carrying them out. *See Bear, Inc. v. Smith*, 303

S.W.3d 137, 142 (Ky. Ct. App. 2010); *citing Major v. Christian County Livestock Market*, 300 S.W.2d 246, 249 (Ky. 1957).

Hosea has alleged that the defendants falsely represented that they would return the collectibles and that the representations were made "intentionally or with reckless disregard for the truth of the representations in that Green and SFSI knew at the time the representations were made that it had no intention of returning the Collectibles to Hosea." [Record No. 5, ¶ 26] Thus, he has properly alleged fraud in the inducement and his claim does not fail as a matter of law.

### C. Motion to Consolidate

Rule 42 of the Federal Rules of Civil Procedure permits the Court to consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Hosea has not filed a response to the defendants' motion, and the motion may be granted for this reason alone. *See* Local Rule 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion."); *Humphrey v. United States Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (recognizing that when a party fails to respond to a motion the court may assume that opposition is waived and grant the motion). Additionally, these cases involve common questions of fact because both actions arise from the same incident (a contract of sale of real property and related items).

### III.

Based on the forgoing, it is hereby

**ORDERED** as follows:

1. The defendants' motions to dismiss due to the plaintiff's alleged misconduct [Record No. 9] and for judgment on the pleadings [Record No. 15] are **DENIED**.

2. The defendants' motion to consolidate [Record No. 8] is **GRANTED**.

3. Covington Civil Action No. 2: 17-233 and Covington Civil Action 2: 17-146 are **CONSOLIDATED** for all pretrial and discovery purposes. The lead case shall hereafter be Covington Civil Action 2: 17-146, and all further filings will be made in that case.

This 3rd day of May, 2018.

Signed By:
*Danny C. Reeves* DCR
United States District Judge